**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gwendolyn R. Reddic, | Case No. 2:25-cv-01657-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Sagre, | |
| Defendant. | |

    Pro se Plaintiff Gwendolyn R. Reddic filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. Plaintiff has also failed to file a complaint. The Court thus denies Plaintiff's application without prejudice and will require Plaintiff to file a renewed application along with a complaint.

**I.**    **Discussion.**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her

poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

      Plaintiff's response to question 2 is incomplete because Plaintiff claims to make $1,000.00 in gross pay or wages. But Plaintiff does not identity her employer's name and address, does not identify her take-home pay or wages, and does not specify the pay period. Plaintiff's response to question 3 is incomplete because it appears that Plaintiff checked that she receives income from a business, profession, or other self-employment and that she receives disability or worker's compensation payments. But Plaintiff does not describe each source of money and the amount that she received and what she expects to receive in the future. Plaintiff provides in response to question 6 that she has no housing, transportation, or loan payments or other regular monthly expenses. However, on the docket, Plaintiff includes an address. It is unclear what type of housing Plaintiff lists. But Plaintiff does not provide any details in the application regarding how or if she pays rent or a mortgage, how or if she pays utilities or other bills, or how she lives considering her claim to have no bills. Plaintiff does not respond to question 7 or 8 at all and does not indicate if those questions are not applicable to her.

      The Court finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave

any questions blank. Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

Additionally, under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." However, Plaintiff did not attach a complaint to her application to proceed *in forma pauperis*. The Court will therefore require that Plaintiff attach a complaint to any updated application to proceed *in forma pauperis* or include a complaint with any payment of the filing fee that she makes.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 8, 2025,** to: (1) file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee; **and** (2) to file a complaint. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 8, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.